IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA JONES o/b/o L.D.B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )Civil Action No. 2:06-cv-1155-TFM |
| | )      [wo] |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jessica Jones ("Jones") applied for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*., on behalf of her minor daughter, "L.D.B.," on September 20, 1995.  On November 6, 1998, L.D.B. was awarded benefits with an onset date of September 20, 1995.  By notice dated September 27, 2004, the Social Security Administration (SSA) notified L.D.B. she no longer met the disability requirements.  On March 13, 2005, an Administrative Law Judge (ALJ) rendered a decision in which he found L.D.B. no longer met the disability requirements for SSI as of September 2004.  On October 26, 2006, the Appeals Council denied Jones's request for review.  When the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§  405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

 The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

The ALJ found L.D.B. , age 10 on the date of the administrative decision, to be severely impaired by asthma.  Due to medical improvement in her condition, L.D.B. no longer has an impairment or combination of impairments which meets or medically or functionally equals in severity one set forth in the Listing of Impairments.  The subjective allegations of impairment by claimant were found not credible by the ALJ.  There are no "marked and severe" functional limitations, and the claimant is not disabled within the meaning of the Act.[1]

## III.   ISSUES

Jones specifies two issues for this judicial review:[2]

1.   Whether the Commissioner erred by failing to consider all of the evidence regarding the plaintiff's impairments.

2.   Whether the Commissioner erred by failing to obtain an updated medical opinion under the mandates of SSR 96-6p.

## IV.   DISCUSSION

### A.   The ALJ gave adequate consideration to evidence of L.D.B.'s impairment.

Jones contends the ALJ failed to properly consider L.D.B.'s alleged stomach problems and diagnosis of gastroesophageal reflux disease ("GERD") in combination with her asthma

---

[1]R.  at 20.  The ALJ's disability analysis followed the factors for determining whether a child's disability continues.  *See* 20 C.F.R. §416.994.

[2]*See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #13, filed April 20, 2007) *and* Order filed January 16, 2007 (Doc. #3) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, specific manner each issue which the plaintiff presents to the court for resolution").

before deciding her impairments did not meet or equal any listed impairment.[3]   The Commissioner responds Jones did not demonstrate GERD to be an impairment, or that it impacted L.D.B.'s ability to function.

The ALJ acknowledged Jones's testimony concerning L.D.B.'s stomach problems and a diagnosis of GERD, with a recommendation for treatment, by Dr. J. Allen Meadows.[4] The record showed Dr. Meadows was  L.D.B.'s treating physician and had examined her on a monthly basis during the seven months preceding the administrative hearing.[5]   Dr. Meadows prescribed Prilosec and Zantac for the GERD.[6]  Jones testified the combination of L.D.B.'s stomach and asthma had caused her to miss five school days at the midpoint of the school year.[7]

Jones position that L.D.B. is impaired due to GERD is actually contrary to the opinion of Dr. Meadows, who simply recommended L.D.B. continue treatment with prescribed medications.  Jones has the burden of producing medical evidence that establishes all of the required medical findings.  *See Bowen v. Yuckert,* 482 U.S. 137, 146  n. 5 (1987).   The ALJ did not deny the existence of the GERD, but disputed the credibility of  the testimony

---

[3]Pl. Br. at 4.

[4]R. at 16, 18, 148.

[5]R. at 197, 192, 212-13.

[6]R. at 149, 171, 198.

[7]R. at 198-99.

regarding the condition.[8]   L.D.B.'s diagnosis of GERD does not satisfy her burden of establishing that an impairment is severe. "The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002).  The court finds that the ALJ did not err in the evaluation of L.D.B.'s GERD.

Jones also argues the ALJ did not consider the combined effect of each impairment in this case.  As discussed above, the record does not show GERD "impairs" L.D.B.  Even so, the ALJ emphasized his duty to determine "whether **all** of the claimant's current impairments are disabling."[9]   This can be taken as evidence the ALJ considered L.D.B.'s conditions both singly and in combination. *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002).  Further, "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The ALJ's decision is supported by the substantial evidence in the record, and the court finds that the ALJ did not err in its evaluation of L.D.B.'s GERD diagnosis.

## **B.** **The ALJ did not err by deciding not to obtain an updated medical opinion.**

---

[8]R. at 19.

[9]R. at 16.

5

Jones asserts error on the part of the ALJ due to his rendering a decision in this case without obtaining an updated medical opinion.  The Commissioner responds the record supported the ALJ's decision, and an updated opinion was not required.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  This duty is even more important given the non-adversarial nature of Social Security proceedings. *See Williams v. Massanari,* 171 F.Supp.2d 829, 833 (N.D.Ill.2001).  SSR 96-6p requires an ALJ to consult a medical expert if: (a) in the opinion of the administrative law judge, the evidence suggests that the claimant's condition may be medically equal to one of the listed impairments; or (b) additional evidence is received that, in the opinion of the administrative law judge, may change the state agency physician's opinion that the impairments are not equivalent to a listed impairment.  Jones argues the ALJ erred by not invoking the second clause due to L.D.B.'s emergency room visits and ongoing treatment for asthma and GERD.  She specifically argues the medical assessment by the State Agency physician could have been revised to find a disability in this case.

The decision to obtain an updated medical opinion is within the discretion of the ALJ. SSR96-96p.  Although Jones cites the potential for a different administrative result under this ruling, the ALJ noted records for three emergency room visits by L.D.B., as opposed to the dozen testified to by Jones.[10]  The ALJ also stated most of L.D.B.'s treatment occurred after

---

[10]R. at 19.

she was notified of the cessation of benefits.[11]  Jones also cites L.D.B.'s ongoing treatment by Dr. Meadows as grounds for an updated opinion.  Dr. Meadows' opinion was L.D.B. was a "treatment failure due to not following the excellent instructions" provided by the Certified Registered Nurse Practitioner.[12]  The ALJ did not err by opting not to obtain an updated medical opinion under SSR96-96p.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 18th  day of July, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[11]R. at 19.

[12]R. at 148.